UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOSHUA ADAMS,

                Plaintiff,   **REPORT AND RECOMMENDATION**
                                                       22-CV-02135-MKB-SJB

   - against -

98-208 PARA REALTY CORP. and MSMN
CORP.,

                Defendants.
-----------------------------------------------------------x

**BULSARA, United States Magistrate Judge:**

        In this Americans with Disabilities Act ("ADA") action, Plaintiff Joshua Adams alleges that the restaurant Kestane Kebab ("the Subject Property"), owned by 98-208 Para Realty Corp. and leased by MSMN Corp., failed to provide him with reasonable accommodations. Beyond vague assertions that he visited the Subject Property on an unknown date and that he intends to visit the location in the future, Adams, however, provides no details about such visits. Such conclusory allegations are insufficient to establish that Adams suffered an "injury in fact", a necessary precondition to standing. Without standing, this Court lacks subject matter jurisdiction. The Court, therefore, issues this *sua sponte* report and recommendation that the case be dismissed.

        "Article III limits federal judicial power to 'Cases' and 'Controversies,' and standing to sue 'limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong.'" *Melito v. Experian Mktg. Sols., Inc.*, 923 F.3d 85, 93 (2d Cir. 2019) (citation omitted) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). "[S]tanding is a threshold matter of justiciability, and if a plaintiff lacks standing to sue, the Court has no choice but to dismiss the plaintiff's claim

for lack of subject-matter jurisdiction." *Tavarez v. Moo Organic Chocolates, LLC*, No. 21-CV-9816, 2022 WL 3701508, at *4 (S.D.N.Y. Aug. 26, 2022).  Like all subject matter issues, standing can be raised *sua sponte*.  *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005).

"To satisfy constitutional standing requirements, a plaintiff must prove: (1) injury in fact, which must be (a) concrete and particularized, and (b) actual or imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) that the injury is likely to be redressed by a favorable decision." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013).  In the ADA context, "injury in fact" exists where "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [property] to plaintiff's home, that plaintiff intended to return to the subject location." *Monge v. 405 Hotel LLC*, No. 19-CV-0451, 2021 WL 982866, at *5 (E.D.N.Y. Feb. 24, 2021) (alteration in original) (quoting *Kreisler*, 731 F.3d at 187), *report and recommendation adopted*, 2021 WL 980870 (Mar. 15, 2021).  Because plaintiff "must establish a 'material risk of future harm' that is 'sufficiently imminent and substantial[,]'" *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 72 (2d Cir. 2022) (quoting *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2210 (2021)), "conclusory allegations of intent to return and proximity are not enough[.]" *Id.*

Adams first alleged in his initial Complaint that he "visited the Subject Property . . . and plan[s] to return to the Subject Property to avail himself of the goods and services offered to the public at the Subject Property, and to determine whether the Subject Property has been made ADA compliant." (Compl. dated Apr. 13, 2022, Dkt.

2

No. 1 ¶ 5). No other allegations about injury were provided. These legal conclusions are insufficient. *See Calcano*, 36 F.4th at 76 ("[E]ach Plaintiff pleads the identical assertion that he resides in close proximity to Defendants' businesses, has been a customer at Defendant's [location] on prior occasions, and intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind. . . . But these assertions are nothing more than 'legal conclusion[s] couched as . . . factual allegation[s].' Plaintiffs' threadbare assertions are conclusory and do not raise a reasonable inference of injury. Second, Plaintiffs' assertions of proximity and prior visits are vague, lacking in support, and do not plausibly establish that Plaintiffs 'intended to return to the subject location.'") (other internal citations and quotations omitted) (first quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986); and then quoting *Kreisler*, 731 F.3d at 188).

As such, the Court informed Plaintiff's counsel at the Rule 16 conference, held on July 29, 2022, of its intention to issue an order to show cause why the case should not be dismissed for a lack of standing. Plaintiff's counsel indicated she had additional details about Plaintiff's prior visits to the Subject Property. The Court issued the order to show cause the same day. (Order to Show Cause dated July 29, 2022). In response, Adams filed a motion for leave to file an Amended Complaint. (Mot. for Leave to File Doc. dated Aug. 5, 2022).[1]

The Amended Complaint adds an additional one paragraph, which does not cure the standing deficit. Adams now adds that he lives approximately five miles from the

---

[1] In connection with this Report and Recommendation, the Court grants the motion to amend. Although Defendants oppose the amendment, they do so on the basis that Adams lacks standing.

3

Subject Property, passes by the Subject Property at least once per week, and the Subject Property is in a neighborhood that Adams dines out in several times per month.  (Am. Compl. dated October 13, 2022, Dkt. No. 16 ¶ 6).  But this still fails to establish two parts of the "injury-in-fact" test for ADA standing: (1) past injury; and (2) a future intent to visit the Subject Property.[2]  As for past injury, having never visited the Subject Property, Adams has not suffered any injury at all—contrary to counsel's representation, he appears not to have even attempted to visit the Subject Property, let alone been denied accommodation there.[3]  *See, e.g.*, *Chamaidan v. Tomy B. Haircare Inc.*, 17-CV-06948, 2019 WL 4917895, at *4 (E.D.N.Y. Sept. 30, 2019) ("Plaintiff does not squarely allege that she personally visited the property. Nor does she allege that she personally

---

[2] The ADA only provides injunctive relief as a remedy; damages are not available. 42 U.S.C. § 12188; *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 94 (2d Cir. 2012) ("Title III [of the ADA] authorizes private actions only for injunctive relief, not monetary damages[.]").  As a result, past injury is insufficient, on its own, to confer standing.  For injunctive relief there must be an indication of "a continuing violation or the imminence of a future violation." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 108 (1998). "The prospective-orientation of the analysis is critical: to maintain an action for injunctive relief, a plaintiff 'cannot rely on past injury . . . but must show a likelihood that he . . . will be injured in the future.'" *Berni v. Barilla S.p.A.*, 964 F.3d 141, 147 (2d Cir. 2020) (alterations in original) (quoting *Deshawn E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998)).  "Although past injuries may provide a basis for standing to seek money damages, they do not confer standing to seek injunctive relief unless the plaintiff can demonstrate that she is likely to be harmed again in the future in a similar way." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016).

[3] The Amended Complaint like the original Complaint does allege that Adams visited the Subject Property, but only in an entirely conclusory fashion, parroting standard language of the legal test for past injury.  42 U.S.C. § 12182(b)(1)(A)(i).  Like the original Complaint, this conclusory language cannot establish standing.  Without any detail, including when such visits took place, the Court cannot infer that Adams in fact visited the Subject Property.  Indeed, at the initial conference, counsel indicated that she would be providing specific dates of past visits.  (Tr. dated July 29, 2022, Dkt. No. 15 at 3:8–10 ("[W]e can file the statement with the dates the Plaintiff visited the property[.]")).  The failure to include such information after suggesting it exists only underscores the Court's conclusion that no prior visit to the Subject Property took place.

4

encountered any of the alleged barriers. . . . Thus, Plaintiff has failed to plausibly allege a prior direct injury."); *Feltzin v. Stone Equities, LLC*, 16-CV-6457, 2018 WL 1115135, at *9 (E.D.N.Y. Feb. 8, 2018) ("Plaintiff fails to allege *when* he visited the Property and subsequently suffered the injuries of which he complains. . . . These conclusory allegations . . . preclude a reasonable inference that Plaintiff suffered injury under the ADA at any specifically identifiable time in the past."), *report and recommendation adopted*, 2018 WL 1114682 (Feb. 26, 2018). It is axiomatic that without past injury, there is no standing. *Feltzin v. Triangle Properties #1, LLC*, 14-CV-5131, 2016 WL 11599264, at *6 (E.D.N.Y. Dec. 15, 2016) ("Because plaintiff alleges no facts indicating that he was injured by a personal encounter with a violation of the ADA, he has failed to establish standing."). Furthermore, having not visited the Subject Property, there appears to be no factual basis for Adams to allege that the Subject Property violates the ADA. (Am. Compl. ¶ 5). Indeed, the Court questions whether the Amended Complaint could survive a Rule 11 challenge. *See* Fed. R. Civ. P. 11(b)(3) (requiring all factual assertions in pleadings to have evidentiary support).

But even if there were past injury, there is no allegation sufficient to establish that Adams "is likely to be harmed again in the future in a similar way." *Calcano*, 36 F.4th at 74 (quoting *Nicosia*, 834 F.3d at 239). A plaintiff who—like Adams—alleges that he lives within five miles of a restaurant and passes by it once a week, but cannot say that he ever attempted to visit or dine there, or lacks a future, definite reservation there, has not established an "imminent and substantial" risk of future injury. *TransUnion*, 141 S. Ct. at 2210. It is impossible to infer plausibly that Adams will return to the Subject Property if he has not been there before or does not provide additional details about his visits to adjoining or nearby locations. *See, e.g.*, *Stone Equities*, 2018

5

WL 1115135, at *11 ("[A] lack of specificity with regard to past patronage, or an interest in patronage, weighs against an inference that Plaintiff plausibly possesses an intent to return to the Property in the imminent future but for the alleged violations."). One could imagine that a plaintiff having visited many of the restaurants on one block or in a particular area is likely to visit the remaining one owned by a defendant. *See Kreisler*, 731 F.3d at 188 (finding it reasonable to infer future visits when Plaintiff frequented other diners in neighborhood, lived within a few blocks of Defendant diner, and stated he would frequent the diner if he were able to access it). (That, of course, would not cure the absence of past injury). But here, Adams alleges that he dines out several times in the area, and yet, despite passing by the Subject Property all the time, he alleges no definite future plans to dine there. That suggests he has *no* intention to dine there in the future, not the opposite.

Without past injury or any likelihood of future injury, Adams lacks standing. And therefore the case should be dismissed for lack of subject matter jurisdiction.

<u>CONCLUSION</u>

For the reasons stated above, the Court respectfully recommends that this action be dismissed without prejudice for lack of subject matter jurisdiction. The Clerk of Court should then be directed to close this case, without leave being granted to file a Second Amended Complaint.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d

Cir. 2008) ("[F]ailure to object timely to a magistrate[ ] [judge's] report operates as a waiver of any further judicial review of the magistrate[ ] [judge's] decision.") (quotations omitted).

        SO ORDERED.

        /s/ *Sanket J. Bulsara*  October 13, 2022
        SANKET J. BULSARA
        United States Magistrate Judge

Brooklyn, New York