UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
JOSHUA ADAMS,

                        Plaintiff,                      **MEMORANDUM & ORDER**
                                                              22-CV-2135 (MKB)
              v.

98-208 PARA REALTY CORP. and MSMN
CORP.,

                        Defendants.
-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Joshua Adams commenced the above-captioned action on April 13, 2022, against Defendants 98-208 Para Realty Corp. and MSMN Corp., alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADDAG"). (Compl., Docket Entry No. 1.) On October 13, 2022, Plaintiff filed an Amended Complaint. (Am. Compl., Docket Entry No. 16.)

On October 13, 2022, Magistrate Judge Sanket J. Bulsara issued a sua sponte report and recommendation recommending that the Court dismiss Plaintiff's action without prejudice for lack of subject matter jurisdiction and deny leave to file a second amended complaint (the "R&R"). (R&R 6, Docket Entry No. 17). On October 27, 2022, Plaintiff filed an objection to the R&R. (Pl.'s Obj., Docket Entry No. 18.) For the reasons discussed below, the Court adopts the R&R in part, dismisses Plaintiff's Amended Complaint, and grants Plaintiff leave to file a second amended complaint.

### I. Background

#### a. Factual background

Plaintiff Joshua Adams currently resides in Brooklyn, New York. (Am. Compl. ¶ 2.) Plaintiff is a qualified individual with disabilities under the ADA. (*Id.*) Plaintiff was born with spina bifida and hydrocephalus, and as a result, ambulates in a wheelchair. (*Id.*) 98-208 Para Realty Corp. is a corporation that transacts business in the State of New York and within this judicial district. (*Id.* ¶ 3.) 98-208 Para Realty Corp. is the owner of the property located at 208 Franklin Street, Brooklyn, New York 11222 ("Subject Property"). (*Id.*) MSMN Corp. is a corporation that transacts business in the State of New York and within this judicial district. (*Id.* ¶ 4.) MSMN Corp. is the lessee and operator of the business located at the Subject Property, known as Kestane Kebab. (*Id.*)

The Subject Property is in a neighborhood where Plaintiff dines several times per month. (*Id.* ¶ 6.) Plaintiff goes out to eat frequently, both socially and because of difficulties preparing his own meals at home. (*Id.*) Plaintiff lives approximately five miles from the Subject Property and passes by the Subject Property at least once per week. (*Id.*)

Plaintiff has visited the Subject Property, (*id.* ¶ 5), and encountered barriers to access at the property, (*id.* ¶ 8). These alleged barriers which precluded and/or limited his ability to access the property include: inaccessible entrances, missing ramp at one entrance, inaccessible dining tables, inaccessible service counter, noncompliant signage identifying the restrooms, inaccessible restrooms, inaccessible door lock at restroom door, inaccessible water closet in restroom, noncompliant grab bar at the rear wall of the water closet in the restroom, inaccessible flush control at the water closet, inaccessible lavatory and urinal, noncompliant insulation of lavatory, and inaccessible mirror and coat hook in restroom. (*Id.* ¶ 14.) Plaintiff intends to visit the

Subject Property in the near future in order to utilize all of the goods and services offered but is currently unable to do so due to the above barriers. (*Id.* ¶ 12.)

### b. Procedural background

Plaintiff commenced this lawsuit on April 13, 2022, against Defendants seeking injunctive relief to vindicate violations of his rights under the ADA and the ADDAG. (Compl. 1.) On May 3, 2022, Defendants filed their Answer. (*See* Answer, Docket Entry No. 10.)

On July 29, 2022 at the initial telephone conference with the parties, Judge Bulsara ordered Plaintiff to show cause why Plaintiff has standing to sue under the ADA, more specifically, to demonstrate that he has suffered a cognizable injury. (*See* Order dated July 29, 2022.) On August 5, 2022, Plaintiff sought leave to file an amended complaint, (*see* Mot. for Leave to File Am. Compl., Docket Entry No. 13), and on October 13, 2022, Judge Bulsara granted the motion, (*see* Order dated Oct. 13, 2022). Plaintiff filed the amended complaint on October 13, 2022. (Am. Compl.)

By R&R dated October 13, 2022, Judge Bulsara recommended that the Court dismiss Plaintiff's action without prejudice for lack of subject matter jurisdiction and deny leave to file a second amended complaint. (R&R 6.)

### c. The R&R

In recommending that the Court dismiss the Amended Complaint, Judge Bulsara found that, beyond vague assertions that Plaintiff visited the Subject Property on an unknown date and that he intends to visit the location in the future, Plaintiff provides no details about such visits. (*Id.* at 1.) Judge Bulsara found that such conclusory allegations are insufficient to establish that Plaintiff suffered an "injury in fact," a necessary precondition to standing. (*Id.*) In addition, Judge Bulsara found that despite the additional language in the Amended Complaint specifying

3

that he lives approximately five miles from the Subject Property, passes by the property at least once per week, and the property is in a neighborhood where Plaintiff dines several times per month, Plaintiff nevertheless fails to establish (1) past injury and (2) a future intent to visit the Subject Property. (*Id.* at 3–6.) Judge Bulsara also found that even if there were past injuries, the allegations are insufficient to establish that Plaintiff is "likely to be harmed again in the future in a similar way," (*id.* at 5 (quoting *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022))), and therefore, the Court lacks subject matter jurisdiction. (*Id.* at 6.)

### d. Plaintiff's objections to the R&R

In his objections to the R&R, Plaintiff argues that he has made a *prima facie* showing of harm from such violations, and that Judge Bulsara (1) improperly disregarded or otherwise misinterpreted the facts as alleged in the Amended Complaint, and (2) misapplied the pleading standard in *Calcano v. Swarovski North America Ltd.*, 36 F.4th 68, 76 (2d Cir. 2022), which is distinct in several ways. (Pl.'s Obj. 1.) Plaintiff seeks leave to file a second amended complaint because he mistakenly filed an incomplete draft under Docket Entry No. 16 that did not include the dates on which he visited and attempted to enter the Subject Property. (*Id.* at 8.)

## II. Discussion

### a. Standard of review

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *Id.*; *see also United States v. Romano*, No. 15-CR-992, 2022 WL 402394, at *3 (2d Cir. Feb. 10. 2022) (citing *United States v. Romano*, 794 F.3d 317, 340 (2d

Cir. 2015)). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *See S.J. v. N.Y.C. Dep't of Educ.*, No. 21-CV-240, 2022 WL 1409578, at *1 n.1 (2d Cir. May 4, 2022) (noting that district court applied correct legal standard in conducting *de novo* review of portions of magistrate's report to which specific objections were made and reviewing portions not objected to for clear error). The clear error standard also applies when a party makes only conclusory or general objections. *See Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) (holding that "general objection[s] [are] insufficient to obtain *de novo* review by [a] district court"); *see also* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations."); *Wu v. Good Samaritan Hosp. Med. Ctr.*, 815 F. App'x 575, 579 (2d Cir. 2020) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))).

      **b. Standing to seek injunctive relief**

Plaintiff argues that Judge Bulsara misinterprets the record, emphasizing that in the Amended Complaint he alleges that he "*has* visited the Subject Property,". . . "plan[s] to return to the Subject Property to avail himself of the goods and services offered to the public," that his "access to the [Subject Property]. . . was denied" due to "physical barriers." (Pl.'s Obj. 4.) Plaintiff contends that he has "alleged articulable facts indicating that he was injured by a personal encounter with a violation of the ADA at the Subject Property, and thus has demonstrated standing that rebuts the recommendation to dismiss." (*Id.* at 5.)

5

"The Constitution limits federal courts to deciding 'Cases' and 'Controversies.'" *FEC v. Ted Cruz for Senate*, 596 U.S. ---, ---, 142 S. Ct. 1638, 1646 (2022) (quoting U.S. Const. Art. III, § 2). "'Standing to sue is a doctrine' that 'limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong.'" *Liberian Cmty. Ass'n of Conn. v. Lamont*, 970 F.3d 174, 183–84 (2d Cir. 2020) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). "To establish Article III standing, 'a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief.'" *Liu v. Democratic Nat'l Comm.*, No. 21-CV-3021, 2022 WL 4372587, at *1 (2d Cir. Sept. 22, 2022) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. ---, ---, 141 S. Ct. 2190, 2203 (2021)). "[A]n injury in fact" must be "particularized," and it must be "concrete." *Rynasko v. New York Univ.*, 63 F.4th 186, 193 (2d Cir. 2023) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). "The Supreme Court has described 'imminent' harm to be one that is 'certainly impending' or where there is a 'substantial risk' that the harm will occur." *Choi's Beer Shop, LLC v. PNC Merch. Servs. Co., L.P.*, 855 F. App'x 20, 21 (2d Cir. 2021) (quoting *Knife Rights, Inc. v. Vance*, 802 F.3d 377, 383–84 (2d Cir. 2015)).

"[S]tanding is required for subject matter jurisdiction." *James v. Willis*, No. 21-CV-501, 2022 WL 481812, at *1 (2d Cir. Feb. 17, 2022) (citing *Strubel v. Comenity Bank*, 842 F.3d 181, 187 (2d Cir. 2016)). "If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (citation omitted); *see also Otrompke v. The First Dep't Comm. on Character & Fitness*, No. 20-CV-4107, 2021 WL 5764221, at *1 (2d Cir. Dec. 6, 2021) ("A district court lacks jurisdiction

6

'when . . . the plaintiff lacks constitutional standing to bring the action.'" (quoting *Cortlandt St. Recovery Corp v. Hellas Telecomms. S.à.r.l.*, 790 F.3d 411, 417 (2d Cir. 2015))).

"[A] plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." *Choi's Beer Shop, LLC*, 855 F. App'x at 21 (quoting *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998)). To seek injunctive and declaratory relief, a plaintiff's standing "depend[s] on whether [that plaintiff] [is] likely to suffer future injury" based on the alleged conduct. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). The risk of future harm must be "real and immediate," although it need not be certain. *Shain v. Ellison*, 356 F.3d 211, 215–16 (2d Cir. 2004) (citations omitted).

A plaintiff has standing to seek injunctive relief for disability discrimination "where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [services] to plaintiff's home, that plaintiff intended to return to the subject location." *Bernstein v. City of New York*, 621 F. App'x 56, 57 (2d Cir. 2015) (per curiam) (citing *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013). A plaintiff must make a "substantial showing before determining that future encounters are likely." *Constance v. State Univ. of N.Y. Health Sci. Ctr. at Syracuse*, 166 F. Supp. 2d 663, 666 (N.D.N.Y. 2001) (collecting cases).

i. **Plaintiff does not have standing under the ADA**

Plaintiff does not have standing under the ADA because he fails to allege past injury and fails to allege a future intent to visit the property.

7

### 1. Plaintiff fails to allege past injury

The allegations in the Amended Complaint are vague, conclusory, and insufficient to raise a reasonable inference of past injury.

First, Plaintiff fails to allege when he visited the Subject Property and suffered the injuries alleged. Plaintiff states only that he "has visited the Subject property which forms the basis of this lawsuit and plans to return to the Subject Property to avail himself of the goods and services offered to the public at the Subject Property." (Am. Compl. ¶ 5.) These conclusory allegations do not provide specific factual context with respect to the timing of his visit, and without more, preclude a reasonable inference that Plaintiff suffered injury under the ADA at any specifically identifiable time in the past. *See Feltzin v. Stone Equities, LLC,* No. 16-CV-6457, 2018 WL 1115135, at *11 (E.D.N.Y. Feb. 8, 2018) (finding that plaintiff "fail[ed] to allege *when* he visited the [p]roperty" because his "only allegation with respect to the timing of his visit to the [p]roperty" was a conclusory allegation that lacked any specificity (emphasis in original)), *report and recommendation adopted*, No. 16-CV-6457, 2018 WL 1114682 (E.D.N.Y. Feb. 26, 2018); *see also Castillo v. John Gore Org., Inc.,* No. 19-CV-388, 2019 WL 6033088, at *5 (E.D.N.Y. Nov. 14, 2019) (finding that plaintiff did not plausibly allege a past injury where she did not allege she ever visited the defendant's property or that defendant ever physically barred her from entering); *Chamaidan v. Tomy B. Haircare Inc.,* No. 17-CV-6948, 2019 WL 4917895, at *4 (E.D.N.Y. Sept. 30, 2019) (finding that plaintiff failed to allege a past injury where plaintiff only alleged that she "wanted to enter [d]efendant's public accommodation, however, was unable to because of the existence of an unlawful architectural barrier" because "this allegation [was] insufficient").

Second, although Plaintiff lists twenty-one alleged ADA violations in paragraph fourteen of the Amended Complaint, Plaintiff does not allege that he personally encountered any of the violations. (Am. Compl. ¶ 14); *Chamaidan*, 2019 WL 4917895, at *4 (finding that the plaintiff failed to allege a prior direct injury from personally encountering an unlawful barrier on the defendant's property because the plaintiff did not "squarely allege that she personally visited the property"). Plaintiff's conclusory allegation that "Defendants have discriminated against [him] by failing to comply with the [statutes] . . . precluded and/or limited Plaintiff's ability to access the [Subject Property]" is insufficient to establish a concrete and particularized injury in fact. (Am. Compl. ¶ 14); *Feltzin*, 2018 WL 1115135, at *10 (finding that plaintiff's conclusory allegation that he "has personally observed or encountered these violations" is "insufficient to connect the violations to [p]laintiff's experience of them for purposes of establishing a concrete and particularized injury in fact" (citation omitted)); *see Feltzin v. Triangle Props. #1, LLC*, No. 14-CV-5131, 2016 WL 11599264, at *5 (E.D.N.Y. Dec. 15, 2016) ("Without any supporting factual allegations, plaintiff's claim that he 'personally encountered' each of a long list of violations amounts to no more than a conclusory recitation of the legal elements of a direct injury under the ADA.").

Plaintiff uses vague and nonspecific phrasing to assert that he has suffered a concrete and particularized injury in fact. *Feltzin*, 2018 WL 1115135, at *10 ("Plaintiff's use of ambiguous, indirect, and passive phrasing further supports the Court's conclusion that the Complaint lacks sufficient specificity to establish Plaintiff's having suffered a concrete and particularized injury in fact.") The lack of specificity is insufficient to establish standing. *Id.* ("The Complaint contains several assertions which, through the use of passive voice, appear to purposefully avoid stating direct interaction by the Plaintiff.") In the twenty-one alleged ADA violations, Plaintiff

9

fails to mention any interaction with these physical barriers. (Am. Compl. ¶ 14.) For example, Plaintiff alleges that (1) "[t]he first of two entrances is inaccessible," (2) "[i]naccessible dining tables located at exterior dining compartment," (3) "[i]n accessible service counter," and (4) "[i]naccessible restroom." (*Id.*) It is not clear from the Amended Complaint who conducted the preliminary inspection, who reported that the entrances, dining tables, service counter, and restroom were inaccessible, or who's use of the property was impeded by the barriers. *Feltzin*, 2018 WL 1115135, at *10 (the passive phrasing in the complaint does not indicate "who conducted the preliminary inspection, who reported restrooms unsafe for use, and for whom entering restrooms and tenants was impeded" (emphasis omitted)). Plaintiff does not specify whether he successfully entered the Property, rather he alleges that his "access to the [Subject Property] and/or full and equal enjoyment of the . . . facilities . . . was denied and/or limited." (*Id.* ¶ 5.) *See Triangle Props. #1, LLC*, 2016 WL 11599264, at *5 (finding that although plaintiff claimed he "personally encountered" each of a long list of violations, the use of phrasing which failed to allege that plaintiff directly encountered and was injured by any violation supported the court's conclusion that plaintiff's claim amounted to no more than a conclusory recitation of the legal elements of a direct injury under the ADA).

Accordingly, the Court finds that Plaintiff has failed to plead facts sufficient to show that he has suffered a concrete and particularized injury in fact under the ADA.

### 2. Plaintiff fails to allege future intent to visit the Subject Property

The record does not support a finding that Plaintiff intends to return to the Subject Property. Plaintiff argues that because he "passes by the [Subject Property] at least once per week, and the [Subject Property] is in a neighborhood that [he] dines out in several times per month . . . . [i]t was reasonable to infer, based on the past frequency of plaintiff's visits and the

proximity of defendants' [business] to [his] home, that [he] intended to return to the [Subject Property]." (Pl.'s Obj. 6); *see Bernstein*, 621 F. App'x at 57 (finding that the plaintiff has standing because "it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [services] to plaintiff's home, that plaintiff intended to return to the subject location"). These assertions are nothing more than legal conclusions couched as factual allegations and do not raise a reasonable inference of injury. *Calcano*, 36 F.4th at 76 (finding that plaintiffs' allegations that they lived in close proximity, had been customers on prior occasions, and intended to return immediately after defendants provided the requested accommodation were insufficient since the "mere 'profession of an intent to return to the places' previously visited is 'not enough' to establish standing for prospective relief"); *see also Baur v. Veneman*, 352 F.3d 625, 636–37 (2d Cir. 2003) ("While the standard for reviewing standing at the pleading stage is lenient, a plaintiff cannot rely solely on conclusory allegations of injury or ask the court to draw unwarranted inferences in order to find standing."). Furthermore, while proximity is relevant to the determination of a plaintiff's intent to return to an accommodation in the future, it is insufficient, on its own, to establish Title III's requirements for injunctive relief. *Small v. Gen. Nutrition Cos., Inc.*, 388 F. Supp. 2d 83, 90 (E.D.N.Y. 2005) ("[A] plaintiff's showing that he 'live[s] in close proximity' to the public accommodations he is challenging is clearly insufficient to establish standing.").

Plaintiff has shown, at most, that he may possibly return to the Subject Property. *See Constance*, 166 F. Supp. 2d at 667 (finding that plaintiffs who were transported to defendant hospital during a visit to the city where defendant was located did not have standing to seek injunctive relief since they had "at most shown a mere possibility of a return visit to [d]efendant [h]ospital, not a 'likelihood'" (citing *Lujan*, 504 U.S. at 560–61)). Plaintiff alleges that he

11

"intends to visit the [Subject Property] again in the near future." (Am. Compl. ¶ 12.) However, Plaintiff does not provide any detailed account of definitive plans or pinpoint a specific time for the purported visit. These vague, "some day" intentions do not support a finding of "actual or imminent" injury required by Article III. *Lujan*, 504 U.S. at 564 ("Such 'some day' intentions — without any description of concrete plans, or indeed even any specification of *when* the some day will be — do not support a finding of the 'actual or imminent' injury that our cases require." (citation omitted)).

Drawing all inferences in favor of Plaintiff, the record does not support a finding of an "actual or imminent" threat of injury to Plaintiff and therefore he does not have standing to seek injunctive relief. *See Lujan*, 504 U.S. at 560–64.

### c. Judge Bulsara correctly applied the law

Plaintiff argues that Judge Bulsara inappropriately applied *Calcano*, and its progeny, to the facts of this case. (Pl.'s Obj. 7–8.) Plaintiff contends that unlike the plaintiff in *Calcano* who failed to state a plausible claim under the ADA, he does plead a cognizable claim. (*Id.*) In support, Plaintiff argues that in *Calcano*, the court found that "gift cards are not themselves places of public accommodation," but that there is no question that the Subject Property is a place of public accommodation. (*Id.*) In addition, Plaintiff contends that the complaint in *Calcano* was "entirely awry and logically defective" because one of the plaintiffs in that case alleged that they lived a block from defendant's store in Manhattan but that defendant did not maintain a store in Manhattan. (*Id.* at 8 (citing *Calcano*, 36 F.4th at 76).)

Judge Bulsara did not erroneously rely on incorrect precedent. In the R&R, Judge Bulsara cited *Calcano* for the proposition that: "[b]ecause plaintiff 'must establish a "material risk of future harm" that is 'sufficiently imminent and substantial, . . . conclusory allegations of

intent to return and proximity are not enough.'" (R&R 2 (quoting *Calcano*, 36 F.4th at 72).) The *Calcano* court based this statement on the standard in *TransUnion LLC*, where the Supreme Court noted that it "has recognized that material risk of future harm can satisfy the concrete-harm requirement in the context of a claim for injunctive relief to prevent the harm from occurring, at least so long as the risk of harm is sufficiently imminent and substantial." 141 S. Ct. at 2197 (citation omitted).

In *Calcano*, the Second Circuit found that "each [p]laintiff plead[ed] the identical assertion that he resides in close proximity to [d]efendants' business, has been a customer at [d]efendant's [location] on prior occasions, and intends to immediately purchase at least one store gift card from the [d]efendant as soon as the [d]efendant sells store gift cards that are accessible." *Calcano*, 36 F.4th at 76 (internal quotation marks and citation omitted). Similarly, in the Amended Complaint, Plaintiff alleges that he "lives approximately 5 miles from the [Subject Property], passes by the [Subject Property] at least once per week," "has visited the Subject Property," and "intends to visit the [Subject Property] again in the near future." (Am. Compl. ¶ 5, 6, 12.) Based on the similarities in the structure of the allegations and their lack of specificity, both are "nothing more than 'legal conclusion[s] couched as . . . factual allegation[s].'" *Calcano*, 36 F.4th at 76 (alterations in original) (citation omitted).

Accordingly, the Court finds that Judge Bulsara did not erroneously apply *Calcano* to the facts of this case.

### d. The Court grants Plaintiff leave to file an Amendment under Rule 15

Plaintiff requests leave of court to file a second amended complaint. (Pl.'s Obj. 8.) Judge Bulsara recommends that the case be dismissed without leave to amend. (R&R 6.)

13

Rule 15 of the Federal Rules of Civil Procedure provides that "[l]eave to amend should be 'freely give[n] . . . when justice so requires,' but 'should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party[.]'" *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016) (second and third alterations in original) (first quoting Fed. R. Civ. P. 15(a)(2); and then quoting *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008)); *see also Kainz v. Bernstein*, 841 F. App'x 249, 253 (2d Cir. 2020) (noting that leave to amend should be freely given).

Assuming that in a second amended complaint Plaintiff provides the dates that he has visited the Subject Property as well as facts indicating an intent to return to the Subject Property, (*see* Pl.'s Obj. 8–10), Plaintiff may be able to cure the deficiencies in the Amended Complaint. *See, e.g.*, *Fraser v. City of New York*, No. 20-CV-5741, 2022 WL 3045524, at *10 (E.D.N.Y. Aug. 1, 2022) (permitting plaintiff leave to file a second amended complaint where "the record does not indicate that she has repeatedly submitted deficient pleadings"). Because leave to amend should be freely given under Rule 15 of the Federal Rules of Civil Procedure, the Court grants Plaintiff leave to file a second amended complaint.

## III. Conclusion

For the foregoing reasons, the Court adopts the report and recommendation in part. The Court dismisses Plaintiff's Amended Complaint, and grants Plaintiff leave to file a second amended complaint.

Dated: September 7, 2023
       Brooklyn, New York

SO ORDERED:

/s/ MKB
MARGO K. BRODIE
United States District Judge